UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES KELLY,<br><br>                                    Plaintiff,<br><br>v.<br><br>SCOTT COOK INTUIT,<br><br>                                    Defendant. | Case No.:  3:23-cv-00694-JAH-JLB<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) DISMISSING PLAINTIFF'S COMPLAINT;**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AS MOOT.**<br><br>**(ECF Nos. 1, 2, 3)** |

## INTRODUCTION

On April 17, 2023, Dolores Kelly ("Plaintiff"), proceeding *pro se*, filed a complaint seeking damages against Scott Cook Intuit ("Defendant").  ECF No. 1.  Plaintiff failed to pay the required civil filing fees on time pursuant to 28 U.S.C. § 1914(a).  Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"), (ECF No. 2), and for appointment of counsel, (ECF No. 3).  After a review of the pleadings, and for the reasons set forth below, the Court

1

(1) **DENIES** Plaintiff's motion to proceed IFP, (2) **DISMISSES** the Complaint without prejudice, and (3) **DENIES** as moot Plaintiff's motion for appointment of counsel.

## DISCUSSION

### I.  Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a United States district court, except an application for writ of *habeas corpus*, must pay filing fees totaling $452.[1] *See* 28 U.S.C § 1914(a).  Pursuant to 28 U.S.C. § 1915(a), an action may proceed despite a plaintiff's failure to pay filing fees, but only if the district court grants the plaintiff IFP status.  *See Andrews v. Cervantes*, 492 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Courts may grant IFP status if a plaintiff submits an affidavit, including a statement of all their assets, showing the inability to pay the statutory filing fee.  *See* 28 U.S.C. § 1915(a).

Plaintiff submits an incomplete affidavit in which all fields related to assets and expenses and identifying the city and state of their legal residence are blank.  (ECF No. 2 at 5).  The instructions require the applicant to "complete all questions and not to leave any blanks: if the answer to a question is 0, none or not applicable, write that response."  (*Id.* at 1).  Without a complete affidavit, the Court is unable to determine Plaintiff's ability or inability to pay the statutory filling fee.  Accordingly, the Court **DENIES** Plaintiff's motion to proceed IFP.

///

///

///

///

---

[1] In addition to the $452 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* U.S.C. § 1914(a) (Judicial Conference of Fees, District Court Misc.  Fee Schedule, § 14 (eff. Dec. 1, 2020).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

## II.     Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

### A.     Standard of Review

Pursuant to 28 U.S.C. § 1915(a), a plaintiff seeking leave to proceed IFP, is subject to *sua sponte* review and mandatory dismissal if the action "is frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 575 U.S. 532, 537-38 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal ... (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). The standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Pursuant to Rule 12 (b)(6) dismissal of the complaint is warranted if the plaintiff's complaint fails to present a cognizable legal theory that shows the plaintiff may be entitled to the relief sought by the complaint, or alternatively presents a legal theory, but fails to plead essential facts under that theory. *Robertson,* 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

### B.     Insufficiency of Plaintiff's Allegations

As currently plead, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff generally states that Defendant "refuses to cooperate, verify information, giving the business owners the run around after IRS registration." (ECF No. 1 at 2). Plaintiff vaguely requests the relief of "legal repocession [sic]." (*Id.* at 3). The Complaint is replete with incomplete phrases and sentence fragments. (*See id.*). The Complaint does not clearly state the claims against Defendant, and does not provide factual allegations showing Plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a) ("a pleading that

states a claim for relief must contain: a short and plain statement of the claim showing that the pleader is entitled to relief"). Because the Complaint runs afoul of the pleading requirements of Rule 8(a), it fails to give adequate notice to the named Defendant of the claims against him. Therefore, the Court finds that the Complaint fails to satisfy Rule 8(a) pleading requirements. Accordingly, the Court **DISMISSES** Plaintiff's Complaint.

## III.   Motion for Appointment of Counsel

Generally, a plaintiff in a civil case has no right to appointed counsel. *See Hernandez v. Whiting*, 881 F.2d 768, 770-71 (9th Cir. 1989); *United States v. 30.64 Acres*, 795 F.2d 796, 801 (9th Cir. 1986). A court has discretion, however, to appoint an attorney to represent "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, the exercise of discretion to appoint counsel for indigent persons may occur only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1981). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* Neither of these issues is dipositive and both must be viewed together before reaching a decision. *Id.* (quoting *Wilborn v. Escalderon*, 789 F. 2d 1328, 1331 (9th Cir. 1986)). Because Plaintiff's complaint does not contain sufficient allegations to evaluate her success on the merits, Plaintiff's motion is **DENIED** as moot.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a) is **DENIED**. Plaintiff may pay the filing fee or submit a complete IFP application twenty-one (21) days leave from the filing date of this Order, in addition to an amended complaint, as further detailed in paragraph (2), below;

2. The Complaint is **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court **GRANTS** Plaintiff twenty-one (21) days leave, from the filing date of this Order, to file an amended complaint which cures the

deficiencies of the pleading described herein.  Plaintiff is cautioned, however, that should she choose to file an amended complaint, it must be complete by itself, comply with the Federal Rules of Civil Procedure, including Rule 8(a), and that any claim not re-alleged will be considered waived.  *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered "waived if not repled."  A failure to file an amended complaint will result in dismissal of this action without further order of the Court, and;

3.  Plaintiffs' motion for appointment of counsel is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: June 27, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE